Dear Mr. Ponder:
This office is in receipt of your recent opinion request wherein you inquire as to the applicability of certain provisions of the "open meetings" laws to the interview and selection process for the position of parish attorney for the City of Baton Rouge/Parish of East Baton Rouge. You specifically ask whether La.R.S.42:6.1A(1) permits discussions of the appointment of a parish attorney to be conducted by the metropolitan council in executive session. Your second question is whether La.R.S. 42:5C, requiring all votes by members of a public body to be viva voce, might be met if each council member, in an open meeting, completes and signs an evaluation and ranking of each applicant to be used to determine the final three candidates.
With regard to your first question, the Louisiana Fourth Circuit Court of Appeals addressed a similar issue in Parent- CommunityAlliance for Quality Education, Inc. v. the Orleans Parish SchoolBoard, 385 So. 2nd 33(June 4, 1980) writ refused (June 23, 1980). The court held in that case, that the appointment of a school superintendent was not an appointment to a vacancy in a public body and thus discussions concerning the appointment could take place in executive session.
The court in Parent-Community Alliance for Quality Education, Inc.
explained,
 Article 6, Section 13 of the Louisiana Constitution of 1974 provides:
 "(A) Vacancy; Appointment. Except as otherwise provided by this constitution, a vacancy in any local office filled by election wholly within the boundaries of a local government subdivision or a school district shall be filled by appointment by the particular governing authority of the local governmental subdivision or school district in which the vacancy occurs, until it is filled by election as provided by law.
 "(B) Exception. This Section shall apply to each local governmental subdivision unless otherwise provided by its home rule charter or plan of government."
Likewise, R.S. 18:602B, as amended, provides:
 "B. When a vacancy occurs in the membership of a city or parish school board, the remaining members of the board shall appoint a person who meets the qualifications of the office to fill the vacancy."
 These authorities place a duty upon a parish school board to make an appointment to fill a vacancy in its makeup within ten days. The proviso of R.S. 42:6.1 A (1) simply prohibits discussion in executive session of the appointment of a person to fill a vacancy, and has nothing to do with the appointment of a superintendent who is not a member of the school board.
 It is thus obvious that the actions of the defendant Board in discussing qualifications of a potential superintendent in executive session is not prohibited. The Board was, in effect, merely discussing the hiring of an employee and not filling a vacancy in its membership.
 The law should apply in a similar manner to the position of parish attorney as described in your request. It is therefore the opinion of our office that discussion in executive session concerning the appointment of the parish attorney is not prohibited.
An executive session may be held under R.S. 42:6.1A(1) to discuss the character, professional competence, or physical or mental health of a person being considered to an appointive office, other than appointment to a public body, provided that the person receives advance notice, and the person may require that the discussion be public.
Turning to your second question, La.R.S. 42:5 states, in pertinent part, "All votes made by members of a public body shall be the viva voce and shall be recorded in the minutes, journal, or other official written proceedings of the body, which shall be a public document." You ask, whether each council member must read his or her evaluation aloud or whether the chief administrator to the council may read each evaluation into the record and ask the respective council member to confirm his or her decision. The evaluation would be considered a public record subject to inspection and any action by the council would still be subject to the viva voce requirement.
Considering the liberal construction required in interpreting the "open meeting" laws, it is this office's opinion that each council member shall read their respective rankings aloud rather than merely confirming their vote aloud. Should you have any questions regarding this matter, please do hesitate to contact our office.
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
By: ___________________________
 CHARLES H. BRAUD, JR. Assistant Attorney General
CCF, Jr./CHB, Jr./sfj